· 54   439
.s58  634

THE STATE, THE SINGER MANUFACTURING COMPANY, PROSECUTOR, v. WILLIAM C. HEPPENHEIMER, COMPTROLLER AND THE STATE BOARD OF ASSESSORS.

1. The yearly tax levied upon miscellaneous corporations, under the act of March 16th, 1891 (*Pamph. L., p* 150), amending the Corporation Tax act of April 18th, 1884 (*Rev. Sup., p.* 1016), is a franchise tax, imposed as a charge for the privilege of being a corporation, or of exercising corporate powers

2. Such a tax levied upon the Singer Manufacturing Company is not inconsistent with the terms of its charter (*Pamph. L.* 1873, *p.* 971), which exempts from taxation "the real and personal property of the said corporation not actually in fact within the State of New Jersey, and the stock of the said corporation held or owned by any of its stockholders."

3. Whether an exemption of a corporation or its property from taxation will exempt also the shares of its stock held by individuals, and whether an exemption of the shares will exempt also the corporation and its property, are questions of statutory construction in each case.

4. The clause above cited from the charter of the prosecutor evinces a legislative intent to relieve from taxation the shares of its stock held

or owned by stockholders, but to reserve the right of levying upon the corporation itself any legal imposition except a tax on its real or personal property outside of New Jersey.

On *certiorari.*

The writ in this case brings up an assessment of $4,212.50 made by the state board of assessors, for the year 1891, against the Singer Manufacturing Company, under the supplement approved March 16th, 1891 (*Pamph. L., p.* 150), of "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884.

The company is a manufacturing corporation, chartered by special act of the legislature of this state (*Pamph. L.* 1873, *p.* 971), and has an authorized capital stock duly issued of $10,000,000. It is liable to the tax imposed, unless it is exempted therefrom by force of the provisions of the sixth section of its charter, which is as follows:

"*And be it enacted,* That whenever five hundred thousand dollars shall have been paid in, said corporation may organize and proceed to business under this act, and shall immediately thereafter file with the secretary of state of this state a certificate of such payment and organization, whereupon, and not until then, this act shall take effect; and if, and so long as the said corporation shall invest and keep invested in real estate within this state the sum of five hundred thousand dollars, the real and personal property of the said corporation not actually in fact within the State of New Jersey, and the stock of the said corporation held or owned by any of its stockholders, shall not be liable to any tax or impost whatsoever."

Argued at February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutor, *Richard V. Lindabury.*

For the comptroller, *John P. Stockton, Attorney General.*

The opinion of the court was delivered by

DIXON, J.  The objections made against the tax now in question all rest upon the assumption that it is inconsistent with the exemption granted in the sixth section of the company's charter above recited.  We must, therefore, first consider whether such assumption can be maintained.

The brief of counsel for the prosecutor concedes that the tax is a franchise tax.  This has been declared by our courts to be the character of the tax levied upon miscellaneous corporations under the original act of 1884, of which the statute of 1891 is an amendment.  *Evening Journal Association* v. *State Board of Assessors,* 18 *Vroom* 36; *Standard Underground Cable Co.* v. *Attorney General,* 46 *N. J. Eq.* 270; *Honduras Commercial Co.* v. *State Board of Assessors, ante p.* 278.  It should be noted, however, that in the act of 1884 the legislature distinctly expressed its intention by calling the charge " a yearly license fee or tax," while in the amendment of 1891 it is denominated simply " a yearly tax."  But notwithstanding this change of phraseology, the thing, in our opinion, remains the same.  This conclusion is, I think, rendered necessary by the rule which enjoins the courts to construe a statute in such sense as will uphold rather than destroy it.  For if this tax be not a fee demanded for the exercise of corporate franchises, then it is a mere property tax, and as such is unconstitutional, because assessed according to the " amount of all capital stock issued and outstanding," and not according to the true value of the property, as our constitution requires.

With this view, then, of the nature of the tax, let us see whether it is forbidden by the terms of the company's charter.

The charter exempts from two sorts of taxes only, viz., a tax upon the real and personal property of the corporation not actually in fact within the State of New Jersey, and a tax upon the stock of the corporation held or owned by any of its stockholders.

The exercise of corporate franchises in New Jersey does not fall within either of these categories.

If such a privilege can be embraced in the terms " real and personal property," it is yet property within this state, and so is excluded from the first category.

The second · object of exemption is evidently the shares of stock in the hands of stockholders.    Those shares are property, and any taxation of them must conform to our constitutional provisions respecting the assessment of property for taxes. But this franchise tax is not within the purview of that clause of the constitution (*Standard Underground Cable Co.* v. *Attorney General,* 46 *N. J. Eq.* 270), and therefore cannot be a tax upon the shares.

It is argued, however, that, because in *State* v. *Branin,* 3 *Zab.* 484; *State* v. *Bentley,* 3 *Id.* 532, and *State* v. *Powers,* 4 *Id.* 400, this court held that an enactment exempting a corporation or its property from " any other tax or impost " than one specified, exempted also the shares of its stock held by individuals, therefore, *e converso,* the exemption of the shares must be held to exempt the company also.    The reasoning of the court was that, as the entire burden of taxes levied against the corporation fell ultimately upon the shares, the design of the legislature in exempting the former must have been to relieve the latter; and counsel now insists that, by parity of reasoning, the declared purpose of exempting the shares must be effectuated by giving immunity to the corporation.

Whether the deductions from which the judgments in the cited cases proceeded should now be deemed quite satisfactory, in view of the evils growing out of incautious exemptions and the consequent judicial purpose to confine immunity from taxation strictly within the terms of the grant, need not at present be considered, for, if those decisions be accepted in their full force, they do not justify the contention of the prosecutor.

The question is evidently one of statutory construction in each case.    Admit that an exemption of the company or its property, nothing else appearing, implies an exemption of the shares of its capital stock, and that an exemption of the shares, nothing else appearing, implies an exemption of the company

and its property, yet it is certainly within the power of the legislature to exempt the company or its property, and reserve the right to tax the shares, or to exempt the shares and reserve the right to tax the company and its property. The corporation and the individual stockholders are obviously not included under the same description, nor are their rights identical (*State* v. *Powers, ubi supra*); both may be taxed, or either, as the legislature wills. *State* v. *Branin, ubi supra.* If, therefore, it appears by the charter of the prosecutor that the legislature, in exempting the shares of its capital stock held or owned by individuals, did not mean to exempt the company or its property, the decisions cited from 3 *Zab.* and 4 *Zab.* become inapplicable, and the legislative purpose must prevail. Such a purpose is, I think, to be gathered from a consideration of all the provisions of the company's charter.

In conjunction with the clause exempting the shares is an express exemption of the real and personal property of the corporation not actually within the state. Not only is this exemption superfluous, if the exemption of the shares was understood to relieve from taxation all the corporate property, but this express immunity conceded to property outside of the state affords the clearest implication that the taxability of corporate property within the state was to be preserved. Thus the implication which was countenanced in the former decisions is repelled by the statute now under review. The legislative intent plainly embodied in this company's charter is, to relieve from taxation the shares of stock in the hands of its stockholders, but to reserve the right of levying upon the corporation itself any legal imposition except a tax on its real or personal property outside of New Jersey. The present tax, being levied upon the company for the exercise of its franchises within the state, comes under the reservation.

It is unnecessary to determine whether there are other grounds for sustaining the tax.

It must be affirmed with costs.